## John Nedved and Meri Nedved, Defendants in Error, v. Court of Honor, Plaintiff in Error.

### Gen. No. 18,280.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TOR-RISON, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed November 24, 1913.

### Statement of the Case.

Action by John Nedved and Meri Nedved against Court of Honor, a corporation, to recover as beneficiaries on a certificate of membership issued to their daughter. From a judgment for plaintiffs for one thousand dollars, defendant brings error.

FRANCIS J. SULLIVAN, for plaintiff in error; WILLIAM B. RISSE, of counsel.

SABATH, LEVINSON & STAFFORD, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 329*—*when incomplete answer is not waived.* The rule that where an application for a policy of insurance contains an incomplete answer to a material question and the company does not call for a further answer but issues its policy the imperfection is waived, cannot be indulged where there is no evidence that the answers were incomplete.

2. INSURANCE, § 753*—*when false statements of family history are material.* Answers to questions in an application for life insurance in a fraternal benefit society, made part of the certificate, as to the number of brothers and sisters who are dead and also whether death was from consumption, if not warranties, are material representations, and being intentionally and knowingly false will defeat a recovery on the certificate.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3.. INSURANCE, § 761*—*when false answers are not waived- by investigation.* Where answers to questions in an application to a fraternal benefit society for insurance were knowingly and intentionally false, the fact that the society had in its employ one whose duty it was to investigate the statements of applicants and make recommendations pertaining thereto cannot avail plaintiffs suing on the certificate, in absence of proof that the investigator obtained knowledge of the decedent's false statements.